**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-50011 |
| Plaintiff-Appellee, | D.C. No. |
| v. | CR-21-00067-FLA |
| SAMUEL MARTINEZ III, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted May 17, 2024[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and HINDERAKER,[***]
District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

Samuel Martinez III appeals the district court's imposition of an 130-month sentence in connection with his plea of guilty to possession with intent to distribute methamphetamine. Martinez argues on appeal that the district court improperly applied the career-offender enhancement under § 4B1.2(b) of the United States Sentencing Guidelines because California's controlled-substance statute under which his predicate offense was charged, for possession of methamphetamine, is overbroad as to the federal Controlled Substances Act (CSA). We review de novo whether a prior conviction is a "controlled substance offense" under the Guidelines. *United States v. Leal-Vega*, 680 F.3d 1160, 1163 (9th Cir. 2012). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Martinez argues on appeal that *United States v. Rodriguez-Gamboa* is not binding because Martinez's text-based overbreadth argument was not before us in *Rodriguez-Gamboa*. 972 F.3d 1148 (9th Cir. 2020). *Rodriguez-Gamboa* said: "Because we hold, as a matter of law, that California's definition of methamphetamine is a categorical match to the definition under the federal CSA, district courts confronting the issue in the future need not repeat what occurred in this case." *Id.* at 1154 n.5. There, the California law prohibiting the "sale of both the geometric and optical isomers of methamphetamine" was a categorical match to the federal law even though the federal law "outlaw[ed] possession only of

2

methamphetamine's optical isomers." *Id.* at 1149–50. This was so because, chemically, there was no such thing as a geometric isomer of methamphetamine. *Id.* at 1150. Therefore, there was no reasonable possibility that California would prosecute anyone for possession of a geometric isomer. *Id.* at 1154.

We decline to read *Rodriguez-Gamboa* as holding only that California's CSA statute is a categorical match because of the chemical structure of methamphetamine, but as leaving open the possibility that it is not a categorical match due to other arguments.[1] *Rodriguez-Gamboa* stated unequivocally that "as a matter of law" the statutes were a categorical match and did not limit its holding to its facts. *Id.* at 1154 n.5. It accordingly binds Martinez despite his text-based arguments that California's statute is overbroad as to the federal CSA.

Although we articulated an exception to this holding for a defendant who "point[s] to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues," *id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)), Martinez has not done so on appeal. Therefore, the district court did not err in using Martinez's prior convictions under California law to apply the career-offender enhancement.

---

[1] This is dispositive, so we decline to reach Martinez's other arguments on appeal.

3

**AFFIRMED.**